JS-6

cc: order, docket, remand letter
Los Angeles Superior Court, Southeast District
Whittier, No. 12 C 02228

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN SHUMAKE,<br><br>        Plaintiff,<br>    v.<br><br>GUILLERMO CASTILLO and DOES 1–10, Inclusive,<br><br>        Defendants. | Case No. 2:12-cv-07722-ODW (FMOx)<br><br>**ORDER REMANDING CASE TO LOS ANGELES SUPERIOR COURT** |

The Court has received Defendant Guillermo Castillo's Notice of Removal. Having carefully considered the papers filed in conjunction with Defendant's Notice, the Court determines that it lacks subject matter jurisdiction over this case. Accordingly, the case is hereby **REMANDED** to Los Angeles Superior Court.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). While a plaintiff may therefore avoid federal jurisdiction by relying exclusively on federal law, "federal jurisdiction cannot be predicated on an actual or anticipated defense." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *see also Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009) ("It is settled law that a case may not be removed to federal court on the basis of a federal defense." (internal quotation marks omitted)).

A case removed from state court should be remanded if it appears that it was removed improvidently. 28 U.S.C. § 1447(c). Because the "removal statutes are strictly construed against removal," doubts about removal must be resolved in favor of remand. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Castillo does not state the grounds for removal in his Notice; instead, Castillo's Notice of Removal is crafted in every respect like a complaint filed originally in this Court. Nevertheless, the Court will briefly address Castillo's two possible avenues for removal.

First, to the extent Castillo may contend this Court has jurisdiction over this case pursuant to § 1331—as he may, given his claims for violations of the Truth in Lending Act, Real Estate Settlement Procedures Act, and the Fair Debt Collection Practices Act—this unlawful-detainer action does not present a federal question. *Aurora Loan Servs. v. De La Rosa*, No. 11-912, 2011 U.S. Dist. LEXIS 69217, at *3 (C.D. Cal. June 27, 2011); *see also IndyMac Fed. Bank, F.S.B. v. Ocampo*, No. 09-

2337, 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (sua sponte remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *Galileo Fi. v. Miin Sun Park*, No. 09-1660, 2009 WL 3157411, at *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists."). Additionally, Shumake's state-court Complaint does not allege any other federal question, and any federal defense Castillo raises is irrelevant with regard to jurisdiction. *Vaden*, 556 U.S. at 60; *Hunter*, 582 F.3d at 1042–43. Therefore, the Court does not have jurisdiction over this case under § 1331.

Second, Castillo may alternatively contend that this Court has diversity jurisdiction over this case pursuant to § 1332. But diversity jurisdiction does not exist in this matter.

For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties, and the amount in controversy must exceed $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). Under the "legal certainty" standard, a federal court lacks subject matter jurisdiction under § 1332 where "upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

Here, Castillo's removal papers do not allege an amount in controversy. Nevertheless, it is clear from Shumake's Complaint that the object of this unlawful detainer action is the fair rental value of the premises Castillo now owes Shumake—$50.00 per day—for remaining in a home that no longer belongs to him from July 6,

2012, through entry of judgment. (Compl. ¶ 9.) Indeed, the face of Shumake's Complaint indicates that Shumake does not demand an amount in excess of $10,000.00. Therefore, the amount in controversy in this case does not exceed $75,000.00, exclusive of interest and costs.

For the reasons discussed above, the Court **REMANDS** this case to the Los Angeles County Superior Court.

**IT IS SO ORDERED.**

September 13, 2012

---
**HON. OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**